IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JONATHAN JONES,                          :        Civil No. 3:25-cv-448
                                         :
                 Plaintiff               :        (Judge Mariani)
                                         :
        v.                               :
                                         :
JESSICA SAGE, *et al.*,                  :
                                         :
                 Defendants              :

## MEMORANDUM

Plaintiff Jonathan Jones ("Jones"), an inmate housed at the Federal Prison Camp, in Lewisburg, Union County, Pennsylvania ("FCI-Lewisburg"), initiated this *Bivens*[1] action pursuant to 28 U.S.C. § 1331.  (Doc. 1).  Named as Defendants are Warden Jessica Sage, Case Manager Jason Youngman, and Case Manager Megan Vargeson.  (*Id.*).  Jones seeks to proceed *in forma pauperis*.  (Doc. 5).

The complaint is presently before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).  For the following reasons, the Court will dismiss Jones' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1), and grant him leave to file an amended complaint.

---

[1]    In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

I.    **Legal Standards**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). This initial screening is to be done as soon as practicable and need not await service of process.  *See* 28 U.S.C. § 1915A(a).

In dismissing claims under §§ 1915(e)(2) and 1915A, district courts apply the standard governing motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See, e.g.*, *Smithson v. Koons*, Civ. No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) (stating "[t]he legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)");

*Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Federal Rule of Civil Procedure 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

*Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

Because Jones proceeds *pro se*, his pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal

4

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II.    Discussion

Jones seeks to assert *Bivens* claims under 28 U.S.C. § 1331.  (Doc. 1).  He appears to allege that he is being involuntarily held in a private commercial prison in Pennsylvania in violation of the Thirteenth and Fourteenth Amendments.  (*Id.*).  Jones argues that he is being incarcerated not as "'punishment for crime[,]' but as the source of bodies that guarantee Defendants (and all prison [s]taff) personal income enrichment and prison [i]ndustries involuntary servitude labor and consumerism required in satisfying obligations of local incarceration [c]ontract commerce."  (*Id.* at p. 8).  He further argues that the "Defendants' Labor Union…negotiates these incarceration Contracts with a Third Party as discrete private commercial executions exempting Defendants from U.S. laws executing U.S. District Court's incarcerations for punishment of crime."  (*Id.* at p. 8-9).

In other words, Jones argues that he is being unconstitutionally housed pursuant to a third-party contract that enriches the Defendants and other prison staff at FCI-Lewisburg. (Doc. 1).  This assertion is both factually and legally incorrect.

FCI-Lewisburg is a federally owned and operated facility.  *See Federal Bureau of Prisons*, "FCI Lewisburg" https://www.bop.gov/locations/institutions/lew/index.jsp (accessed on Mar. 31, 2025).  Furthermore, no federal inmates are currently housed in privately managed facilities.  *See* Exec. Order No. 14,006, 86 Fed. Reg. 7483 (Jan. 26, 2021)

5

(Reforming Our Incarceration System To Eliminate the Use of Privately Operated Criminal Detention Facilities); *see also Federal Bureau of Prisons*, "Population Statistics" https://www.bop.gov/about/statistics/population_statistics.jsp (accessed on Mar. 31, 2025); *see also Federal Bureau of Prisons*, "BOP Ends Use of Privately Owned Prisons" https://www.bop.gov/resources/news/20221201_ends_use_of_privately_owned_prisons.jsp (accessed on Mar. 31, 2025).  Therefore, Jones' claim that he is being held unconstitutionally in a privately managed facility for the material gain of the Defendants and prison officials of that facility is without merit, and the complaint will be dismissed.

## III.   Conclusion

Consistent with the foregoing, the Court will grant Jones leave to proceed *in forma pauperis* and dismiss his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).  The Court will allow Jones to file an amended complaint in the event he can state a plausible claim against an appropriate defendant or defendants.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March __31__, 2025